**MARTHENS v. PENNSYLVANIA R. CO. et al.**
**No. 5389.**

Circuit Court of Appeals, Seventh Circuit.
June 10, 1935.

Rehearing Denied July 26, 1935.

38

Mathias F. Perz and Harry C. Barnes, both of Chicago, Ill., for appellant.

Clyde E. Shorey, Louis W. Becker, Jr., Leo P. Day, James Stillwell, and Don Kenneth Jones, all of Chicago, Ill., for appellees.

Before EVANS, FITZHENRY, and ALSCHULER, Circuit Judges.

EVANS, Circuit Judge.

Appellant, who was plaintiff below, brought this action to recover the amount which the Interstate Commerce Commission had awarded the Chester N. Marthens Marble Company as reparation for overcharges collected by appellees. Liability was opposed on the ground that appellant was not the proper party to maintain the action.

Appellant sued as "Successor in interest to Chester N. Marthens Marble Company, a dissolved Illinois corporation." The demurrer was sustained and the action dismissed on the ground that the allegations of the declaration failed to show appellant was the lawful holder of the cause of action.

■ We accept as sound appellant's first proposition that the award was an assignable chose in action just as a claim for damages arising out of the exaction of unreasonable charges for the carriage of freight was assignable. Spiller v. Atchison, T. & S. F. R. Co., 253 U. S. 117, 40 S. Ct. 466, 64 L. Ed. 810.

■ We are, however, unable to find the necessary allegations that the award passed to or belonged to appellant. Nor were facts alleged from which a transfer from corporation to appellant, as sole stockholder, could be inferred.

The declaration states that appellant "by virtue of the dissolution of the Chester N. Marthens Marble Company, an Illinois corporation and the complainant in the aforesaid proceedings before the Interstate Commerce Commission, through the acquisition of the entire capital stock of said corporation became the successor in interest to the said corporation and as such succeeded to the rights of said corporation in the award of reparation by the Interstate Commerce Commission as hereinbefore set forth."

This is the only attempted reference to the state of the incorporation of the company. The preceding parts of the declaration are not set forth as averments, but in the nature of "Whereas paragraphs" from which it may be inferred that the Interstate Commerce Commission allowed a reparation to the Chester N. Marthens Marble Company against appellees; that the Chester N. Marthens Marble Company reported to its stockholders that it had ceased to engage in the business of producing marble and was in the process of liquidation; that its debts aggregated $35,000; that its only assets were the real estate owned by it and the machinery and equipment in its shops; that it had no liquid assets from which it could pay its indebtedness; that in order to more conveniently handle its assets, pay its debts, and distribute its surplus, it had authorized its officers to convey its property to the Home Bank & Trust Company, as trustee; and that the trustee sold the property and paid all its debts.

Then follow the allegations upon which appellant relies to sustain the declaration. Appellant alleged that he was the owner and holder of 860 shares of capital stock of said company; that subsequent to the date of the payment of the creditors he acquired all of the remaining outstanding shares of the capital stock of said company; and that he received the sum of $10,455.27 as his share of the proceeds from the sale of the corporate assets remaining after the payment of all liabilities. He further stated:

"Therefore, the plaintiff, Chester N. Marthens, by virtue of the dissolution of the Chester N. Marthens Marble Company, an Illinois corporation, and the complainant in the aforesaid proceeding before the Interstate Commerce Commission, through the acquisition of the entire capital stock of said corporation became the successor in interest to the said corporation and as such succeeded to the rights of said corporation in the award of reparation by the Interstate Commerce Commission as hereinbefore set forth."

This last allegation is a statement of a conclusion and not justified by any of the facts previously alleged. It does not appear that the corporation was lawfully dissolved even though its assets were transferred to a trustee to be sold and distributed among its creditors. Nowhere does it appear that it was an Illinois corporation. If we assume that it was an Illinois corporation, nowhere does it appear that the steps taken to dissolve the corporation under the laws of Illinois were followed. In fact, the contrary appears—namely, that the corporation, though in liquidation, was not dissolved. The last allegation set forth the purchase by appellant of a block of stock of the corporation. Such an allegation negatives the claim that the corporation was dissolved.

There was nothing to prevent the corporation from beginning an action against appellees to recover the amount of the award.

Likewise, it does not appear that the transfer of the assets of the corporation in the course of liquidation excluded this reparation award. The allegations are:

" * * * the said stockholders of the Chester N. Marthens Marble Company did pass a resolution authorizing and directing its directors and officers to convey *all* the real estate of said corporation; and to convey and sign (assign) *all* personal property of said corporation by a deed in trust and such other documents as may be required, to the H. B. & T. Company, as trustee, to be held by it in trust for the benefit of the creditors of said corporation and its stockholders, * * * did execute and deliver a deed in trust of all of the real and personal property of the said corporation to H. B. & T. Company."

Then follow allegations to the effect that the trustee sold the property and distributed the proceeds.

The burden was upon appellant to allege and prove that he was the proper party to bring this action. If all of the property of the corporation were transferred to a trustee who sold it to a purchaser and distributed the purchase price among the stockholders and creditors, it is evident that the purchaser of the corporate assets, rather than appellant, acquired the chose in action here sued on. If the cause of action were reserved and not included in the sale and passed to appellant, then it was necessary to allege and prove such reservation. Instead of so doing appellant alleged that all of the personal property (which would include this reparation award) passed to the trustee and was by it sold and the proceeds distributed.

Appellant has failed to allege the facts necessary to show his ownership of the claim against appellees for reparation and has therefore failed to state a good cause of action.

The judgment is
Affirmed.